**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:26-CR-285 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DAVID A. RUIZ |
| -vs- | : | |
| | : | |
| JUSTIN SWAYSLAND, | : | **TRIAL BRIEF AND REPLY TO GOVERNMENT'S RESPONSE TO MOTION IN LIMINE** |
| | : | |
| Defendant. | : | |

Justin Swaysland, through counsel, submits this trial brief and response to the government's argument in limine.

## I. Summary of the Case

Justin Swaysland is charged in a two-count indictment alleging assault of a federal officer, in violation of 18 U.S.C. 111(a) and (b), and possession of a firearm that moved in interstate commerce as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The United States intends to offer evidence of the following:

On May 6, 2026, Deportation Officer A.C. was working in his capacity as a federal officer conducting enforcement removal operations in the area of West 82nd Street and Wentworth Avenue in Cleveland, Ohio. Officer A.C. was parked on Wentworth, near to the residence at 3231 W.82nd Street. A second Deportation Officer, B.D., was parked on West 82nd Street. Officer B.D. advised over the police radio that a male (later identified as Justin Swaysland) was approaching the rear of Officer A.C.'s vehicle. Swaysland was yelling and walking towards Officer A.C.'s car. Officer A.C. heard Swaysland through a partially opened window of his vehicle and observed him

approaching. He then saw him turn around and go into the yard of 3231 West 82nd Street out of sight.

Less than a minute later, Swaysland emerged from the yard with no shirt on, pointing a firearm at the passenger side of Officer A.C.'s vehicle. Fearing for his safety, Officer A.C. sped off from the scene. Cleveland Police located Swaysland on Clark Avenue near West 84th Street. When he was taken into custody, officer located a loaded SCCY, model CPX-2, 9mm caliber pistol, bearing serial number 919830 on the ground under Swaysland's jacket.

A. Assault on a Federal Officer

Title 18 United States Code, Section 111(a) and (b) makes it a crime for a person to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer engaged in the performance of his official duties while in possession of a dangerous weapon. The government must prove the following elements beyond a reasonable doubt.

(1) That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a federal officer.
(2) That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with while engaged in the performance of his official duty or on account of the performance of official duties.
(3) That the defendant did such acts intentionally; and
(4) That in doing such acts, the defendant used a deadly or dangerous weapon or inflicted bodily injury.

B. Felon in Possession of a Firearm and Ammunition

Title 18, United States Code, Section 922(g)(1) makes it a crime for a person to knowingly possess a firearm or ammunition in and affecting interstate commerce after having been convicted of a crime punishable by more than one year imprisonment. The government must prove the following elements beyond a reasonable doubt:

(1) That the defendant has been convicted of a crime punishable by imprisonment for more than one year.

(2) That the defendant, following his conviction, knowingly possessed a firearm and ammunition specified in the indictment.
(3) At the time defendant possessed the firearm and ammunition, he knew he had previously been convicted of a crime punishable by imprisonment for more than one year.
(4) That the specified firearm and ammunition crossed a state line prior to the alleged possession.

## II. **Evidentiary Issues**

### A. Reply to the Government's Response to Mr. Swaysland's Motion in Limine

The government acknowledges its duty to accept Mr. Swaysland's stipulation as to his prior conviction. *See* Dkt. 28: Gov. Tr. Br., PageID 200 – 201. The government also seeks preliminary leave to use Mr. Swaysland's criminal history to impeach him if he elects to testify. But the government's theory that a prior burglary conviction is "particularly probative of a person's honesty and truthfulness" is unsupported and incorrect. *See* Dkt. 28: Gov. Tr. Br., PageID 202.

"A crime of dishonesty or false statement involves some element of active misrepresentation." *United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012). It excludes crimes that "do not carry with them the tinge of falsification." *Id.* (quoting *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977)) (internal quotation marks omitted)." "The rule is intended to inform fact-finders that the witness has a propensity to lie, and, as morally repugnant as some crimes may be, crimes of violence or stealth have little bearing on a witness's character for truthfulness." *Id.* "This circuit has adopted the position that theft and related crimes do not ordinarily amount to crimes of dishonesty or false statement." *Id.*

The crime of burglary in Ohio does not require proof or admission of any element of active misrepresentation. Instead, it requires only that someone trespass "by force, stealth, or deception." Ohio Rev. Code § 2911.12(A). Opening an unlocked, but closed, door is sufficient evidence of force for Ohio burglary. *See State v. Erker*, 141 N.E.3d 543, 560-61 (8th Dist. Ct. App.) (collecting

cases). Even if perpetrated by stealth, Ohio burglary would not meet this Circuit's standard. *See Washington*, 702 F.3d at 893.

The Court should preliminarily deny the government's use of Mr. Swaysland's attempted burglary conviction as impeachment. In the alternative, the Court should defer ruling on this issue until it becomes absolutely necessary.

B. The Rule of Completeness does not implicate hearsay.

Any statement that Mr. Swaysland offers or asks to be offered under Federal Rule of Evidence 106 ("the rule of completeness") is not hearsay. Rule 106 states that:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

Fed. R. Evid. 106. By the plain text of the rule, the rule of completeness trumps hearsay. And statements offered under this rule are not offered for the truth of the matter asserted. *See* Fed. Evid. R. 801(c)(2). "Portions of a statement admitted under Rule 106, the rule of completeness, do not impact on the hearsay rule, because, in effect, they are not offered for the truth." *United States v. Marin,* 669 F.2d 73, 84 (2d Cir. 1982)

These types of statements are offered, for example, to provide necessary context for the fact-finder. "Courts have interpreted Rule 106 to demand that 'a statement be admitted in its entirety when this is necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact, or to ensure a 'fair and impartial understanding' of the admitted portion.'" *United States v. Gallagher*, 57 F. App'x 622, 628 (6th Cir. 2003) (quoting *Marin,* 669 F.2d at 84).

Presumably the government intends to offer certain portions of the body camera footage from Mr. Swaysland's arrest. To prevent the government from intentionally misleading the jury is

only one way to trigger Rule 106's application. (*See* Dkt. 28: Gov. Tr. Br., PageID 204.) The other ways are to explain the admitted portion or to place it in context. The completing information must also be offered contemporaneously, because forcing the injured party to wait to correct or to contextualize the admitted portion only serves to cement the injury.

The rule is grounded in fairness. It operates to avoid misunderstandings that could be created by either party presenting incomplete or out-of-context evidence. "The Committee has determined that the rule of completeness, grounded in fairness, cannot fulfill its function if the party that creates a misimpression about the meaning of a proffered statement can then object on hearsay grounds and exclude a statement that would correct the misimpression." Fed. R. Evid. 106, 2023 Committee Note. The government's preliminary objection to Mr. Swaysland potentially using the rule of completeness is misplaced. This Court should overrule it.

## III. <u>Trial Documents</u>

### A. <u>Stipulations</u>

The United States and Mr. Swaysland have entered into the following stipulation:

1. Prior to the date of the crime charged in the indictment, Justin Swayland, knew that he was convicted of a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year.

(Dkt. 18: Felony Stipulation, PageID 89).

### B. <u>Proposed Jury Instructions</u>

Mr. Swaysland respectfully requests that the Court instruct the jury using the joint proposed jury instructions and the proposed verdict form, subject to any amendments made necessary by the evidence introduced. (Dkt. 24: Proposed Jury Instructions).

C. Proposed Voir Dire Questions

Mr. Swaysland respectfully requests that the Court direct the filed joint proposed voir dire questions to the jury panel during voir dire examination. (Dkt. 25: Proposed Voir Dire Questions). Mr. Swaysland respectfully requests extended attorney participation in voir dire for the same reasons stated in his motion for a juror questionnaire. (Dkt. 22: Mot. Juror Questionnaire). Mr. Swaysland also respectfully requests that this Court grant his motion for a juror questionnaire because it is necessary for the parties to engage in effective voir dire. The questionnaire will increase the efficacy and efficiency of the voir dire process.

D. Preliminary Statement

Mr. Swaysland respectfully requests that the Court use the Joint proposed preliminary statement. (Dkt. 26: Prelim Statement). It states as follows:

"The government alleges that on May 5, 2026, while in the location West 82nd St. and Wentworth Ave. in Cleveland, Ohio, Defendant Justin Swaysland did forcibly assault, resist, oppose, impede, intimidate, and interfere with Immigration and Customs Enforcement Officer A.C., while the officer was engaged in the performance of his official duties as an Immigration and Customs Enforcement Officer with the United States Department of Homeland Security, and in doing so, did use a dangerous weapon, to wit, a firearm.

The government also alleges that Defendant Justin Swaysland, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a SCCY, model CPX-2, 9mm caliber pistol, with serial number 919830, said firearm having been shipped and transported in interstate commerce.

Mr. Swaysland has entered a plea of not guilty to all counts and denies that he engaged in any criminal activity. He is presumed innocent of the charges against him."

## IV. **Conclusion**

Mr. Swaysland is prepared to submit additional briefing on any issue should the Court or circumstances require.

Respectfully submitted,
STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Matthew Gay*
MATTHEW GAY
New York Bar: 5237409
Assistant Federal Public Defender
*/s/ Michael V. Heffernan*
MICHAEL V. HEFFERNAN
Assistant Federal Public Defender
Ohio Bar: 0074776
1660 West Second St., Suite 750
Cleveland, OH 44113
(216) 522-4856 Fax: (216) 522-4321
E-mail: matthew_gay@fd.org
E-mail: Michael_heffernan@fd.org